NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.— May, 1881.

## TUTTLE *v.* HEIDERMANN.

*In the matter of the estate of* KARL KLAUBERG, *deceased.*

The testator, by the second clause of his will, gave all his estate, real and personal, to his wife, "to have and to hold during her natural life;" by the third, he gave a specific legacy to his daughters, to take effect at his widow's death; by the fourth to the eighth clauses, he gave devises to descendants, to take effect at his widow's death; by the ninth clause, he gave legacies to descendants, payable at his death; by the eleventh clause, he gave to petitioner, his daughter, a widow without means, a legacy of $6,000, not specifying the time of payment. Upon an application by the daughter, for payment within a year, on giving security, the executors contended that the legacy was payable only on the death of testator's widow. *Held,*

1. That, by omitting, in the eleventh clause, the restriction contained in the third to the eighth clauses, the testator revoked, *pro tanto,* the second clause, and made the legacy payable before his widow's death.

2. That the legatee's condition raised a presumption that the legacy was designed to meet her necessities during the widow's life-time.

3. That the legacy was payable, as in ordinary cases under the statute, at the end of a year from the grant of letters testamentary.

Under Code Civ. Pro., § 2719,—which permits the Surrogate to decree payment to a legatee or distributee, within a year after the grant of letters, where it appears that the funds in the representative's hands "*exceed, by at least one-third,* the amount of all known debts and claims against the estate," etc.,—the required surplus of one-third is to be estimated by excluding the amount of the petitioner's claim and payments already made.

Heard v. Case, 23 *How. Pr.*, 546,—distinguished.

THIS was an application to compel the executors, etc., of decedent to pay to Louisa V. Tuttle, a daughter, a legacy of $6,000.

The petition of Mrs. Tuttle stated that, by the will of decedent, admitted to probate December 9, 1880, she was entitled to a legacy of $6,000, and, on information and belief, that Julius Heidermann, and others, the executors, had in their hands property exceeding, by at least one-third, the amount of all claims against the estate, including legacies, applicable to their payment ; that, for about six years, decedent was not engaged in business, and lived upon the income of his property, which at the time of his death amounted to about $120,000; that she believed he owed no debts, and that none would be proved, except for funeral expenses ; that she was a widow, with four young children dependent upon her for support, and without property, except necessary household furniture, and the house in which she resided, on which there was a mortgage for $6,000, due February 9, 1881 ; that she had no business or means, and the legacy was necessary for her and her children's support. She further alleged a demand and refusal, and prayed for a decree directing payment, upon her giving the security required by law.

The executors, in answer, alleged that they were

advised and believed that said legacy did not become due and payable until after the death of Frances M. Klauberg, decedent's widow ; that they had paid legacies aggregating $2,500, under the ninth clause and codicil of the will, with the consent of the widow, and under the advice of counsel that they were payable before the death of the widow ; that the greater part of the estate consisted of real estate, in which the widow had a life interest under the provisions of the will, and which "for the most part" was specifically devised upon her death ; that they had in hand a balance of only $6,347.16, out of which future expenses, commissions, etc., were payable ; that, apart from the alleged devises to the widow and others, and the personal property, the estate was worth only about $2,500 ; denied, on information and belief, petitioner's allegation as to the value of decedent's property ; alleged that she received from members of her family, and especially her mother, money sufficient to support her ; and denied that the immediate payment of the legacy was necessary for the support of herself and her children.

The first clause of the will provided for the payment of debts and funeral expenses ; the second gave, devised, and bequeathed to testator's wife, Frances M. Klauberg, all his "estate, both real and personal, to have and to hold during her natural life ;" the third gave his household furniture and effects, at his widow's death, to his daughters, Amelia F. Ware and the petitioner ; the fourth, fifth, sixth, seventh and eighth clauses, devised property to children and grandchildren,—all these devises to take effect on the death of his widow ; the ninth clause and the second codicil bequeathed to his three

children, and to two classes of grandchildren, each the sum of $500, to be paid to them immediately after his decease, in case his wife survived him, but not otherwise; the tenth directed his executors to pay a certain mortgage; and the eleventh, upon which the petitioner's claim herein was based, was as follows:

"I give and bequeath to my said daughter, Louisa V. Tuttle, the sum of six thousand dollars."

All the residue of his estate, he devised and bequeathed to his said three children, and the said two classes of grandchildren, equally, one undivided fifth part to each, and he authorized his executors "to sell the whole or any part of any real estate of which I may die seized, not hereinbefore specifically devised."

JOHN S. RAY, *for petitioners.*

TURNER, LEE & McCLURE, *for executor.*

THE SURROGATE.—The leading principle, in the construction of wills, is that the intention of the testator, if not inconsistent with the rules of law, must govern, and this intention is to be ascertained from the whole will taken together (Covenhoven *v.* Shuler, 2 *Paige*, 122; Crosby *v.* Wendell, 6 *Id.*, 548; Pond *v.* Bergh, 10 *Id.*, 140; Parks *v.* Parks, 9 *Id.*, 107; Van Nostrand *v.* Moore, 52 *N. Y.*, 12; 1 *Redf.*, *on Wills*, 433, and cases cited; Betts *v.* Betts, 4 *Abb. N. C.*, 317). Another rule is that, where there is a subsequent provision inconsistent and irreconcilable with a former provision, the latter must yield, and the later provision prevail. It is also a reasonable presumption that the testator knew the law, and made the will with reference to it; the only exception to this proposition seeming to be that he is presumed to

assume the *validity* of each provision (see Van Kleeck *v.* Dutch Church of N. Y., 20 *Wend.*, 457, 479; Van Nostrand *v.* Moore, 52 *N. Y.*, 12, 22). The exception above suggested seems to reconcile the apparent inconsistency of Judge RAPALLO's statement in the latter case.

Applying these rules to this case, it becomes evident that, when the testator, by the second clause of his will, devised and bequeathed all his property to his wife for life (passing over the question whether she took any beneficial interest, not being authorized, in terms, to receive the rents, income and profits), he understood that any inconsistent disposition, subsequently made, would modify its effect, and that the third, fourth, fifth, sixth, seventh and eighth clauses would be modifications of the second, unless distinctly stated otherwise; and hence, in all of them he provided that they were to take effect at the death of his wife; and that he also understood that, by the ninth clause and second codicil, giving $500 to each of his children and to two classes of grandchildren, such legacies would be payable at the end of one year after the issuing of letters testamentary, under our statute, except for the provision that they should be paid immediately after his death. The fact that, by the eleventh clause he gave to the petitioner $6,000, without specifying the time of payment, indicates to my mind that he intended to make that legacy payable according to said statute; otherwise he would have followed the restriction contained in the other devises, and prescribed that it should take effect after the death of the wife.

My attention has been called to the case of Heard *v.* Case (23 *How. Pr.*, 546), decided at Special Term by Judge EMOTT, an accomplished and learned jurist, in

which it is claimed, by the respondent's counsel, that a different conclusion was reached, and by the petitioner's counsel that the conclusion, bearing upon this question, is *obiter*. But I am not able to concur with either counsel, for the action was one for construction, and it nowhere appears that the provision in favor of Nancy Case was not involved in such construction ; and I am of the opinion that the fact, that the learned judge did consider and pass upon it, is good ground for assuming that the question was properly involved.

I am also of the opinion that there is a material difference, sufficient to distinguish the two cases, in that, in the one under consideration, all the devises, which were intended to be subjected to the life interest of the widow, are specially so stated, which was not the case in Heard *v.* Case. Besides, in this matter it appears that the petitioner is a widow with four children, without substantial means of support, and it may be reasonably assumed that the legacy in question was designed to meet her necessities, during the life of the testator's widow.

As, however, sufficient assets do not appear to be in the hands of the executors, to justify an order for the payment of the full amount at the present time, I think that, on proper security, the executors can safely pay the sum of $5,000, and that an order should be entered to that effect.

---

Upon the settlement of the decree, the following opinion was delivered :

THE SURROGATE.—Counsel differ widely, as to the

effect of section 2719 of the Code. On the one hand, the counsel for the executor claims that the one-third of money and other property in hand, in excess of the debts, claims, and legacies entitled to priority, and those of the same class, means one-third in excess of all such claims, including the petitioner's, whether paid or not ; while, on the other hand, petitioner's counsel claims that all debts or legacies paid are to be excluded from the estimate, and also that of the petitioner.

The section under consideration does not very clearly indicate the object of there being in the hands of the representative of the estate at least one-third in excess of the debts, etc., but it would seem that the real object was to leave in the hands of such representative one-third in excess of the known claims against the fund, and that debts and legacies already paid are not to be considered in determining the authority or propriety of the order.

If the section were to be construed literally, it would seem to be shorn of its benefit to needy creditors and legatees. To illustrate : Suppose an executor should have $17,500 assets in hand, there being no debts or prior legacies, or legacies in the same class as the petitioner, or such debts and prior legacies shall have been paid, and a legatee, having a legacy of $12,000, should apply for a payment of his legacy, or a portion thereof, for support, etc. The executor would not have a third in excess of petitioner's claim, and no order could be made for payment of even the smallest portion of the legacy. Or suppose that an executor has in hand $20,000 in assets, and that the debts amount to $15,000, of which $10,000 have been paid, and a legatee for $5,000 applies

for the payment of his legacy or a part thereof.    No part of the legacy could be paid, because there would not be one-third in excess of the claims upon the fund; and though all the debts were paid, and it were perfectly clear that at least $4,500 of the balance would be applicable to the payment of the legacy ultimately, yet the legatee would not be entitled to the advance of a dollar.

I am therefore of the opinion that, when a literal construction of the section would lead to such obvious injustice and absurdity, it becomes the duty of the court to construe it with reference to its obviously beneficial purpose, and to see that no payment shall be required of a representative of an estate within the year, which shall leave in his hands less than one-third in excess of the claims upon the fund, exclusive of that of the petitioner.

Applying these principles to this case, there appears to be in the hands of the executor $5,696.05 ; and according to the executor's counsel's statement, there appear to be debts, etc., existing, and estimated commissions and expenses, amounting to $1,333.45, or about one-fourth of the assets in hand.    One-third in excess of this amount would make $1,777.93, which, deducted from the amount in hand, would leave $3,459.57 ; but this estimate charges these assets with all the commissions and expenses.    Hence, I am of the opinion that it is entirely safe to direct the executor to pay to the petitioner, on account of her legacy, $3,500, on the usual bond.

Decreed accordingly.